DONALD M[1] and Annette M,
Plaintiffs,

v.

Civ. A. No. 84–1212–W.

United States District Court,
D. Massachusetts.

July 13, 1987.

Marjorie Heins, Massachusetts Civ. Lib-
erties Foundation, Keith Halpern, Silverg-
late, Gertner, Fine, & Good, Boston, Mass.,
for plaintiffs.

Suzanne E. Durrell, Asst. Atty. Gen.,
Government Bureau, John Eklund, Sloane
& Walsh, Boston, Mass., for defendants.

## ORDER

WOLF, District Judge.

Upon consideration of the memoranda
and oral arguments of the parties, it is
hereby ORDERED that:

1. The motions of defendants Marie A.
Matava and Massachusetts General Hospi-
tal to dismiss the plaintiffs' complaint for
failure to state a federal claim upon which
relief can be granted are DENIED. Based
on the facts alleged, the plaintiffs have
viable claims that their federal constitution-
al Fourth Amendment and family privacy
rights have been violated. *See, e.g., Dar-
ryl H. v. Coler*, 801 F.2d 893 (7th Cir.1986).

2. Defendant Matava's motion to
dismiss plaintiffs' complaint on Eleventh
Amendment grounds is DENIED. Includ-
ed in the plaintiffs' third amended com-
plaint is a request for injunctive relief in
the form of the expungement of all the
Department of Social Services records re-
lating to the plaintiff. Pursuant to M.G.L.
c. 119, §§ 51E and 51F, the records indicat-
ing that a § 51A Report of child abuse had
been substantiated against the M will be on
file until the youngest of the M's children,
who was two years old when the complaint
was filed, is eighteen years old. Thus, the
material in the records, including the sub-
stantiation decision, constitutes a form of
injury for which relief can be granted if a
meritorious claim is established. More spe-
cifically, the request that defendant Mata-
va, a state official, expunge the records is
the type of prospective injunctive relief

1. This is a case in which the plaintiffs are seek-
ing, in part, expungement of public records re-
lating to alleged child abuse by them. The
court has *sua sponte*, deleted their last names
from this published order to avoid aggravating
any injury which might be proven.

that the Supreme Court has found not to violate the Eleventh Amendment. *See Green v. Mansour,* 474 U.S. 64, 106 S.Ct. 423, 88 L.Ed.2d 371 (1985); *Edelman v. Jordan,* 415 U.S. t51, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908); *Quern v. Jordan,* 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979). *See also de-Leiris v. Scott,* 642 F.Supp. 1552, 1570, n. 12 (D.R.I.1986) ("Likewise, the Eleventh Amendment in no way prevents this court from considering the request for expungement of records"); *Elliot v. Hinds,* 786 F.2d 298, 302 (7th Cir.1986) ("The injunctive relief requested here, reinstatement and expungement of personnel records, is clearly prospective in effect and thus falls outside the prohibitions of the Eleventh Amendment"); *Bohn v. County of Dakota,* 772 F.2d 1433, 1435 (8th Cir.1985), *cert. denied,* 475 U.S. 1014, 106 S.Ct. 1192, 89 L.Ed.2d 307 (1986); *Brown v. Jones,* 473 F.Supp. 439, 453 (N.D.Tex.1979).

3. Massachusetts General Hospital's uncontested motion to dismiss those complaints against it arising out of the activities of Michael Mancusi for which the court granted absolute immunity to Mancusi is ALLOWED. *See Whelehan v. County of Monroe,* 558 F.Supp. 1093 (W.D.N.Y.1983).

4. Massachusetts General Hospital's motion to dismiss based on qualified immunity arising out of the qualified immunity of its employees is DENIED. *See generally Owen v. City of Independence,* 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980) (Court rejected idea of extending "to municipalities a qualified immunity based on the good faith of their officers."). The related request for dismissal by Massachusetts General Hospital based on the absence of *respondeat superior* liability is also DENIED because the alleged facts go beyond *respondeat superior* liability. Although perhaps more implicit than explicit, the plaintiffs are alleging that Massachusetts General Hospital had an unconstitutional policy or custom of engaging in the acts complained of in the instant case. *See Pembaur v. City of Cincinnati,* 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986); *City of Oklahoma City v. Tuttle,* 471 U.S.

808, 105 S.Ct. 2427, 2429, 85 L.Ed.2d 791 (1985); *Voutour v. Vitale,* 761 F.2d 812, 819–20 (1st Cir.1985), *cert. denied,* 474 U.S. 1100, 106 S.Ct. 879, 88 L.Ed.2d 916 (1986). This decision is, of course, without prejudice to a possible motion for summary judgment on this issue at the conclusion of discovery.

5. The court has not been presented with the question whether Massachusetts General Hospital has Eleventh Amendment immunity arising out of its "agency" relationship to the state, and therefore does not now address this issue. It too may be raised at the completion of discovery.

█ 6. The defendants' motion to dismiss the pendent state claims against those employees of Massachusetts General Hospital that have been found to have immunity against plaintiffs' federal civil rights claims is DENIED. The state and federal claims derive from a "common nucleus of operative fact" and the claims are such that a plaintiff "would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966); 13B Wright, Miller and Cooper, Federal Practice and Procedure at § 3567 p. 116 (1984). The court is not confronted with the situation where there are no remaining federal claims, where state issues predominate, *Gibbs,* 383 U.S. at 726–727, 86 S.Ct. at 1139, or where a "new party sought to be enjoined is not otherwise subject to federal jurisdiction." *Aldinger v. Howard,* 427 U.S. 1, 14–15, 96 S.Ct. 2413, 2420, 49 L.Ed.2d 276 (1976). Although, as indicated at the hearing, the court recognizes that some factors militate in favor of dismissal of the pendent state claims, these factors are not decisive in view of the long pendency of this case in federal court and the possible practical inability of plaintiffs, who have limited economic means, to institute a parallel state court action.

7. Discovery shall be complete by March 31, 1988. If plaintiffs wish to utilize an expert witness they shall identify such witness[es] and respond to expert interrog-

atories by December 11, 1987. Defendants shall do the same by January 29, 1988 if they wish to utilize an expert.